NOT DESIGNATED FOR PUBLICATION

No. 127,744

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

PHILLIP KELLER,
*Appellant.*

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS KELLY RYAN, judge. Opinion filed May 30, 2025. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before WARNER, C.J., CLINE and COBLE, JJ.

PER CURIAM: Phillip Keller appeals the district court's order revoking his probation and imposing his underlying consecutive prison sentences. We granted Keller's motion for summary disposition under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). After reviewing the record and the arguments in Keller's motion, we affirm the district court's judgment.

In July 2022, Keller pleaded guilty to possession of methamphetamine and possession of heroin for conduct that occurred in May of that year. As part of the plea agreement, the State dismissed a third charge—possession of drug paraphernalia—and recommended that Keller be sentenced using the aggravated-range term in the appropriate Kansas Sentencing Guidelines grid box. The State also recommended that

1

Keller be granted a dispositional departure to probation, even though his convictions carried presumptive-prison sentences (based on his criminal-history score of A and a special sentencing rule triggered by a third or subsequent felony drug conviction). The district court followed this recommendation at Keller's sentencing: It imposed consecutive 42- and 12-month prison sentences, granted a dispositional departure, and ordered Keller to serve 12 months of probation.

In 2023, the State alleged that Keller had violated the terms of his probation several times since his sentencing hearing. According to the State, Keller had tested positive for multiple drugs in December 2022, admitted to almost "overdosing on fentanyl" in April 2023, and had been charged with a new drug crime in Missouri. The State also alleged that Keller had not paid court fees and other costs associated with his probation and had not verified that he had been attending a required outpatient drug-treatment program. Keller also purportedly had outstanding warrants in other cases.

The court held a hearing on the State's motion, where Keller stipulated to these violations. After accepting these stipulations, the court turned to the appropriate disposition.

The State recommended that the court revoke Keller's probation and impose his underlying prison sentences, though it remained open to modifying the length of the prison term. Keller conceded that he had "a very significant drug issue" and "kn[ew] that he need[ed] treatment." But he argued that the court should give him "another opportunity" to remain out of prison, stating he was willing to attend another treatment program.

The district court revoked Keller's probation and imposed the original underlying prison sentences. The court explained that Keller had already received a dispositional

departure even though his extensive criminal history and a special sentencing rule both pointed to a presumptive prison sentence.

Keller's sole argument on appeal is that the district court abused its discretion when it revoked his probation. After a probation violation has been established, a district court has discretion to revoke probation unless the court's action is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Appellate courts will only reverse that decision on appeal if it resulted from an abuse of the court's discretion—when the judgment is arbitrary, fanciful, or unreasonable, or based on an error of law or fact. 315 Kan. at 328; *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). Keller bears the burden of showing such an error occurred here. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). He has not done so.

In general, Kansas law imposes a framework of graduated sanctions for probation violations before a court may revoke probation outright. The nature and extent of these sanctions differ in some respects based on when a crime was committed. Under the framework in place when Keller committed his offenses in May 2022, a district court ordinarily must order someone who has violated their probation to serve a two- or three-day jail sanction before revoking probation altogether. K.S.A. 22-3716(c)(1)(C). But the district court may bypass this requirement if the person received probation as the result of a dispositional departure—as Keller did here. K.S.A. 22-3716(c)(7)(B).

Keller does not argue that the district court's decision to revoke his probation was based on a legal or factual error. But Keller argues that the district court's decision was unreasonable because it should have taken some other less stringent action—like extending Keller's probation but ordering him to receive additional drug treatment or imposing an intermediate jail sanction.

We are unpersuaded. Keller stipulated to violating the conditions of his probation in several serious ways, including using methamphetamine and other drugs. He also acknowledged that he was actively struggling with "a very significant drug issue" and had almost overdosed on fentanyl only a few months earlier—even though he had already been ordered to receive drug treatment as a condition of his release. The district court's decision to revoke Keller's probation was not unreasonable.

Affirmed.